# CIRCUIT COURT OF THE CITY OF RICHMOND

James Carroll Jenkins

v.

David L. Prince

August 8, 1994

Case No. LX-1813-4

BY JUDGE RANDALL G. JOHNSON

This personal injury case arises out of a single-car accident which occurred in January 1993. Plaintiff, a passenger, was rather severely injured when the defendant lost control of his car at a high rate of speed and collided with an embankment. Plaintiff suffered head trauma with frontal sinus contusion and multiple facial fractures which required surgery and extensive follow-up care. Plaintiff and defendant have agreed to settle plaintiff's claim for approximately $94,200.00, and plaintiff is now petitioning the court for a reduction in the medical lien of the Commonwealth of Virginia pursuant to Virginia Code § 8.01-66.9.

Defendant is covered under a single-limit automobile policy for $100,000.00. Of that amount, $5,843.17 has been used for another settlement and for the repair and/or replacement of state property. The remaining amount, $94,156.83, is the amount of plaintiff's settlement. There are no other funds available to plaintiff.

Plaintiff was treated for his injuries at the Medical College of Virginia. MCV's lien is $51,956.40. The liens of other medical providers total $2,045.00. Plaintiff's counsel has a one-third contingency fee arrangement with plaintiff and is also entitled to reimbursement of expenses of about $1,000.00. Without a reduction of liens, plaintiff's net recovery will be less than $8,000.00, an amount that plaintiff and the Commonwealth agree is inadequate to sufficiently compensate plaintiff for his injuries. While the Commonwealth concedes that some reduction in its lien is appropriate,

however, it disagrees that a reduction to just under $31,000.00, which is what plaintiff seeks, is fair. Instead, the Commonwealth suggests that its lien only be reduced by a little less than $10,000.00; that is, to $42,000.00. The court believes that the Commonwealth's position is more equitable.

First, it must be remembered that any reduction in the Commonwealth's lien places an added burden on the taxpayers. What plaintiff does not pay, the taxpayers must pay. Thus, whatever consideration is given to easing plaintiff's burden must be balanced against the Commonwealth's interest in not overburdening its taxpayers.

Second, while defendant is paying the limits of his insurance to settle plaintiff's claim, it is not absolutely clear that plaintiff was blameless with regard to his injuries. There is evidence that both plaintiff and defendant had been drinking and using drugs prior to the accident, and contributory negligence and assumption of risk were issues in the case. The court is not as inclined to make a large reduction in the medical lien as it might be were the plaintiff unquestionably "innocent."

Third, a larger net recovery can be achieved by not only ordering a reduction in the Commonwealth's lien but also by reducing the lien of plaintiff's lawyer, and plaintiff's lawyer has voluntarily offered to reduce his lien to one-fourth rather than the contracted one-third.

Accordingly, the court will reduce the Commonwealth's lien to $42,000.00 and will also reduce plaintiff's counsel's lien to $24,000.00. These amounts, when combined with the other liens and expenses, will result in a net recovery to plaintiff of more than $25,000.00, which the court feels is reasonable under the circumstances.